Thomas A. **ALBANESE**, Plaintiff,

v.

**E.D.S., an HP Company/HP Enterprises Services, Defendant.**

No. 10–CV–6283L.

United States District Court,
W.D. New York.

Jan. 4, 2012.

---

Christina A. Agola, Rochester, NY, for Plaintiff.

## DECISION AND ORDER

DAVID G. LARIMER, District Judge.

Plaintiff, a former employee of defendants, filed this action alleging claims under the Age Discrimination in Employment Act, 42 U.S.C. § 621 et seq., on May 26, 2010. Having failed in at least two attempts to serve the defendants with process, plaintiff now moves for an extension of time to do so, pursuant to Fed. R. Civ. Proc. 4(m). (Dkt. # 5).

■ Rule 4(m) of the Federal Rules of Civil Procedure requires a plaintiff to effect proper service on the defendant within 120 days of filing the complaint. Fed. R. Civ. Proc. 4(m). A court will, however, extend the time for service if the plaintiff is able to show good cause for the failure. *Id.; Obot v. Citibank S.D., N.A.*, 347 Fed.Appx. 658, 659–60 (2d Cir.2009). In determining whether a plaintiff has demonstrated good cause, courts consider such factors as whether plaintiff exhibited reasonable diligence in seeking to effect service, whether there is any prejudice to defendants as a result of the delay, and whether plaintiff could timely reassert his claims in the event of dismissal. *See Fish v. Bread Loaf Const. Co.*, 1998 WL 29640 at *1–*2, 1998 U.S.App. LEXIS 1208 at *5–*6 (2d Cir.1998); *Williams v. United States HUD*, 2009 U.S. Dist. LEXIS 23306 at *3 (E.D.N.Y. 2009); *Ikejiaku v. Rochester City Sch. Dist.*, 2007 WL 4591846 at *2, 2007 U.S. Dist. LEXIS 94933 at *5 (W.D.N.Y.2007); *Fein-*

*gold v. Hankin*, 269 F.Supp.2d 268, 276 (S.D.N.Y.2003).

■ Upon review of these factors, I believe that plaintiff has demonstrated sufficient "good cause" to merit a second extension of the time for service.

Plaintiff's counsel filed the complaint on May 26, 2010. (Dkt. # 1). The same day, plaintiff's process server, Stephen Collins ("Collins") attempted to serve the defendants. However, on September 29, 1010, plaintiff's counsel learned that Collins had served an incorrect business address. Plaintiff moved for an extension of time to serve the complaint (Dkt. # 2), and this Court granted an extension of time until November 24, 2010. (Dkt. # 4). Plaintiff's counsel reissued the complaint to Mr. Collins for service: however, before the complaint had been served, Collins suffered a severe heart attack in or around Thanksgiving 2010, which required hospitalization and surgery. He did not resume communications with plaintiff's counsel for several months.

In February 2011, plaintiff's counsel hired a new process server. Within a few weeks, counsel became aware that Collins had not served the complaint in this action on defendants prior to the onset of his disabling health issues, and had neglected to inform counsel that service was never effected. The instant motion for an extension of time was filed immediately thereafter.

I find that these unusual circumstances present "good cause" for the failure to timely serve the defendants, and that the efforts by plaintiff's counsel to effect service were sufficiently diligent. I further note that a grant of additional time will not prejudice the defendants, who have been on notice of plaintiff's claims since February 24, 2009, when plaintiff filed an EEOC charge against them, which described the same claims he is now pursuing. Finally, if the Court declines to permit plaintiff additional time for service, plaintiff's claims cannot be timely reasserted.

Based on the foregoing, I find that plaintiff is entitled to an extension of time to serve the complaint on defendants. Service must be effected, *and proof of it must be filed with the Court*, within thirty (30) days of this

decision. Absent spectacularly exceptional circumstances, no further extensions of time will be granted.

## CONCLUSION

Plaintiff's motion to enlarge his time to serve the defendants pursuant to Fed. R. Civ. Proc. 4(m) (Dkt. # 5) is granted. Plaintiff's time to serve defendants with the summons and complaint is hereby extended, and plaintiff is directed to effect proper service and file proof of the same within thirty (30) days of entry of this order.

IT IS SO ORDERED.